UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No: 1:11 CV 22242

GORDON WARREN PRICE AND LLOY PRICE

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES LTD
        Defendant

_____/

## COUNT I

1. That this is an action for damages within the jurisdiction of the above styled court. Jurisdiction hereby vested pursuant to the attached Passenger Contract which is made a part here of and incorporated as an exhibit to this complaint. The Contract calls for Jurisdiction in the Federal Court in the Southern District of Florida to-wit: the Miami area has original jurisdiction of handling this matter for damages mores specifically set forth herein.

2. That the Plaintiff GORDON WARREN PRICE, and his wife, LLOY PRICE did book passage on the Defendant's ship, M/V Mercury.

3. That the Plaintiffs did book said passage pursuant to the agreement previously identified herein in paragraph 1 on April 29, 2010.  The trip scheduled for Plaintiffs and their two infant grand-daughters to sail from Vancouver , British Columbia, into Alaska and returning back to Vancouver after making stops along the British Columbia coast, Juneau, Alaska, and Ketchikan, Alaska.

4. That the cost of the bookage and fare was $6,218.12 in Canada money.

PDF created with pdfFactory trial version www.pdffactory.com

5. That the Plaintiffs, pursuant to the agreement, boarded the M/V Mercury on July 4, 2010.

6. That while aboard the vessel the Plaintiff to-wit: GORDON WARREN PRICE, requested medical care for which medical care was offered by the ship's doctor on July 7, 2010. The said doctor performed a physical, and performed blood test and provided Mr. Price with glucose which seemed to improve his condition. That Mr. Price was requested by Defendant to have an off ship physician examine him on July 8, 2010. Whereupon he was transported to Bartlett Hospital in Juneau, Alaska with arrangements made by the Defendant but for which the Plaintiff was billed $685.00 in US money. This cost was for the transportation of Mr.

Price, and the taxi fare for his wife and his two grandchildren.

7. While at Bartlett Hospital, Mr. Price was examined by a physician, Dr. Thompson.  Dr. Thompson examined Mr. Price and consulted with Dr. Klimo, Mr. Price's oncologist in Vancouver. Based upon tests that were previously performed by Dr. Klimo and the exam of Mr. Price, Dr. Thompson was satisfied that Mr. Price was in a stable condition and was fit to travel and complete his vacation plan upon the M/V Mercury.

8. In addition, Dr. Thompson never requested that the Plaintiff receive any additional medical care or treatment which would have been required the staff of the M/V Mercury to take part and participate at all in his care and treatment.

9. That upon the Plaintiff returning to the vessel to seek re-admission he was instructed that he should pack his belongings and that he, his wife and his two grandchildren were being removed from the vessel and refused further passage.  These

PDF created with pdfFactory trial version www.pdffactory.com

actions by the employee's of the Defendant herein were without justification and as such were in violation of any and all rights for which the Defendant might have under the terms of the agreement of passage incorporated within the cruise ticket purchase agreement.

10.  That the Plaintiffs were abandoned by the Defendant and as such were given no arrangements to return to their home destination of Vancouver.  Also no transportation or other accommodations were provided for the Plaintiffs to return to their port of debarkation.

11.  That the Plaintiff on his own incurred the expense of four tickets on Alaska Air, which cost$2,051.20, an  additional night at the  Hampton Inn in Tukwila, Washington, at $176.47 and four seats on Horizon Air from Seattle, Washington to Vancouver, at a cost of $1,129.44 in US money.

12.   That these particular matters to-wit: the out of pocket expenses incurred herein were all a breach of the agreement and occurred as a direct violation of the terms of passage as set forth in the previously agreement and for which Defendant herein is liable for reimbursement to the Plaintiff's

13.  That the Plaintiffs further alleges that these breaches constituted a breach of the agreement implied to-wit: the agreement of a restful and peaceful vacation trip for which the Plaintiff herein had look forward to for a significant period of time to enjoy the company of their grand children and that therefore, suffered significant humiliation, aggravations of a pre-existing condition and pain and suffering resulting from the Defendant's actions as set forth herein.

PDF created with pdfFactory trial version www.pdffactory.com

WHEREFORE, Plaintiffs seek damages in the amount of $13,588.12 and general damages for pain and suffering, intentional infliction of emotional shock and distress as reflected in the above captioned allegations. Interest pursuant to the Court Order Interest Act. R.S.B.C 1966, and further relief as of the Court may consider.

## COUNT II

That the Plaintiffs allege and re-allege the allegations of paragraphs 1-13 above, and further allege an action for reverse false arrest and for grounds would allege as follows.

14.  That the Plaintiffs allege that they were wrongfully refused admission back onto the vessel to continue the passage, a right for which the Plaintiffs herein had under the terms of the cruise agreement and that the actions of the Defendant herein were wrongful and violated the Plaintiffs rights to access the enjoyment of the vessel.

15.  That Defendant's actions laid forth above constituted an act of reverse false arrest in causing Plaintiffs to be locked out of or refused access to a place that they lawfully had a right to be.

16.  That the Defendant knew at all times that the Plaintiffs' rights to be upon the vessel and to complete the remainder of the trip were being violated and wrongfully denied to the Plaintiffs

herein.

17.  That the Plaintiffs allege that the loss of the enjoyment and the benefits of said continuation of the trip has caused them to suffer pain and suffering and humiliation and loss of the enjoyment of life, both in the past and at the time of the occurrence and in the future.

PDF created with pdfFactory trial version www.pdffactory.com

WHEREFORE, Plaintiff demands judgment for damages for said pain and suffering and inconvenience and humiliation.

| | |
|---|---|
| S/Michael Weisberg | S/Fernando Pomares |
| MICHAEL P. WEISBERG, ESQ. | FERNANDO POMARES, ESQ. |
| Florida Bar No. 106375 | Florida Bar No. 88341 |
| 1300 Coral Way, Ste. 300 | 12002 SW 128TH Court Ste.104 |
| Miami, Florida  33145 | Miami, Florida 33186 |
| (305)  854-0996 | (305) 256-2265 |
| (305) 403-0440 | (305) 256-2275 |
| lawmpw@aol.com | |

PDF created with pdfFactory trial version www.pdffactory.com